Loan # ~~~~~~~~~~~~

After Recording Return To:
Sovereign Bank
Mail Code 10-6438-WO7
601 Penn Street
Reading, PA 19601

Parcel ID# 6704370000
This document was prepared by ___Kevin Hoffman___
Date Prepared: 10/11/13

_____[Space Above This Line For Recording Data]_____

## SOVEREIGN HOME LOAN MODIFICATION AGREEMENT

Borrower ("I"):[1]   **FRANCISCO A RIVAS**      **ROSA E TEJADA**

Lender ("Lender"): **SOVEREIGN BANK, N.A.**
If Applicable, Successor to:

Date of first lien security instrument ("Mortgage") and Note ("Note"): **9/24/2004**

Property Address [attach Legal Description as "Exhibit A" if recordation is necessary] ("Property"):
**402-404 ORMS STREET PROVIDENCE RI 02908**

Original Date Recorded: **9/29/2004**   County: **PROVIDENCE**
Book/Instrument/Volume/Liber: **6813**   Page: **0202**

If my representations and covenants in Section 1 continue to be true in all material respects, then this Sovereign Home Loan Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in the Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

---

[1] If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") will include the plural (such as "we") and vice versa where appropriate.

SOVEREIGN HOME LOAN MODIFICATION AGREEMENT         Page 1 of 8



1. **My Representations and Covenants.** I certify, represent to Lender, covenant and agree:
   A. I am experiencing a financial hardship, and, as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;
   B. The Property has not been condemned;
   C. There has been no change in the ownership of the Property since I signed the Loan Documents.
   D. I have provided documentation for **all** income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Sovereign Home Loan Modification Program ("Program"));
   E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct; and
   F. If Lender requires me to obtain credit counseling in connection with the Program, I will do so.
   G. **I represent that I was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the Loan Documents. Based on this representation, Lender agrees that I will not have personal liability on the debt pursuant to the Agreement.**

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

   A. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

   B. I understand that the Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3. **The Modification.** If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on **10/1/2013** (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. The first modified payment will be due on **11/1/2013**.

   A. The new Maturity Date will be: **10/1/2053**.

   B. The modified principal balance of my Note will include all amounts and arrearages that will be past due (excluding unpaid late charges) less any amounts paid to the Lender (**$15570.71**) but not previously credited to my Loan. The new Principal balance of my Note will be **$161,929.20**.

   C. Interest at the rate of **2.000%** will begin to accrue on the New Principal Balance as of **$161,929.20** and the first new monthly payment on the New Principal Balance will be due on **11/1/2013**.

   D. **$42600** of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and I will not pay interest or make monthly payments on this amount. The New Principal Balance (**$161,929.20**) less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this is **$119,329.20**. Interest at the rate of **2.000%** will begin

to accrue on **10/1/2013** on the interest bearing principal balance of **$119,329.20** and the first new monthly payment on the Interest Bearing Principal Balance of **$361.36** will be due on **11/1/2013**. My payment schedule for the modified loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| [1-5] | [2.000%] | 10/1/2013 | $361.36 | $535.43, may adjust periodically | $896.79, may adjust periodically | 11/1/2013 | [60] |
| [6] | [3.000%] | 10/1/2018 | $419.82 | May adjust periodically | May adjust periodically | 11/1/2018 | [12] |
| [7] | [4.000%] | 10/1/2019 | $481.52 | May adjust periodically | May adjust periodically | 11/1/2019 | [12] |
| [8] | [4.250%] | 10/1/2020 | $497.27 | May adjust periodically | May adjust periodically | 11/1/2020 | [12] |
| [9-[40] | [4.250%] | 10/1/2021 | $497.27 | May adjust periodically | May adjust periodically | 11/1/2021 | [384] |

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

    The above terms in this Section 3.C. will supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate.

    I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest being added to the outstanding principal balance.

  D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

  E. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

4. **Additional Agreements.** I agree to the following:

  A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; or (ii) the Lender has waived this requirement in writing (although any person who signed the Loan Documents but does not sign this Agreement may continue to be held liable for the obligation under the Loan Documents).

  B. That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that I previously entered into with Lender.

  C. To comply, except to the extent that they are modified by this Agreement, with all covenants,

agreements, and requirements of the Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D. That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my escrow account.

E. That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

G. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. Lender will not exercise this option if applicable state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender will give me notice of acceleration. The notice will provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

J. That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and notwithstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

K. That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement, or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents will continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Sovereign Home Loan Modification Program.

L. Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS. In cases where the loan has been registered with MERS, which has only legal title to the interests granted by the borrower in

SOVEREIGN HOME LOAN MODIFICATION AGREEMENT        Page 4 of 8

the mortgage and which is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

M. That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iii) companies that perform support services for the Sovereign Home Loan Modification Program; and (iv) any HUD certified housing counselor.

N. That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

O. That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

In Witness Whereof, the Lender and I have executed this Agreement.

SOVEREIGN BANK, N.A.
Successor to

_____

Name: Steven Fisher
Title: Vice President

COMMONWEALTH OF PENNSYLVANIA, BERKS COUNTY SS

On this, the _____ day of ____, 2013, before me, the undersigned, a Notary Public, personally appeared Steven Fisher, Vice President, personally known to me or proved to me on the basis of satisfactory evidence to be the Vice President of Sovereign Bank, N.A., a corporation, and that he as such Vice President, being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of the Corporation by himself as Vice President. and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

[BORROWER SIGNATURE PAGE]

_____          _____
FRANCISCO A RIVAS                   ROSA E TEJADA

STATE OF _Rhode Island_
COUNTY OF _Providence_

On this, the 23rd day of October, 2013, before me, the undersigned, a Notary Public, in and for said state, personally appeared **FRANCISCO A RIVAS** and **ROSA E TEJADA**, Borrower(s), personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

_____
Notary Public   Lisa L. Underwood
com. exp. 3/29/2016

ORIGINAL

SOVEREIGN HOME LOAN MODIFICATION AGREEMENT            Page 7 of 8

Loan no:

## ERROR AND OMISSIONS/COMPLIANCE AGREEMENT

The undersigned Borrower(s) for and in consideration of the Loan Modification Agreement offered by Lender, its successors and/or assigns in the amount of **$161,929.20**, modifying the original Promissory Note secured by a Security Instrument dated **9/24/2004** agrees to fully cooperate with any reasonable requests made by Lender, or its agent, to correct typographical errors in the Loan Modification Agreement enabling Lender to sell, convey, guarantee or obtain insurance for any investor or institution, including but not limited to, the Federal National Mortgage Association, the Government National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Department of Housing and Urban Development, the Department of Veterans Affairs, or any municipal bonding authority, to ensure enforceability of the Loan Modification Agreement. Requests may include, but are not limited to, all changes, corrections, re-execution or modification of any document related to such loan, as may be required.

The undersigned will comply with all requests within thirty days from the date they are made by Lender or its agent. If the Borrower(s) fail to meet his/her/their obligations, Borrower(s) acknowledge liability for all costs including, but not limited to, actual expenses, legal fees, court costs, and marketing expenses incurred by Lender to enforce its rights under the Loss Mitigation Agreement.

Dated effective this 23rd day of October, 2013.

_____       _____
FRANCISCO A RIVAS                              ROSA E TEJADA

STATE OF Rhode Island
COUNTY OF Providence

On this, the 23rd day of October, 20 13, before me, the undersigned, a Notary Public, in and for said state, personally appeared **FRANCISCO A RIVAS** and **ROSA E TEJADA**, Borrower(s), personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

_____
Notary Public  Lisa L. Underwood
Com. exp. 3/29/2016

SOVEREIGN HOME LOAN MODIFICATION AGREEMENT         Page 8 of 8

EXHIBIT "A"

LEGAL DESCRIPTION

That certain lot or parcel of land with all buildings and improvements thereon, situated in the City and County of Providence, State of Rhode Island and laid out and designated as Lot No. 1 on that certain plat entitled, "Pickney Farm Plat Frank E. Waterman Aug. 1905" which said plat is recorded with the Land Evidence Records in said City of Providence on Plat card no. 945.

Also designated as Lot 437 on Assessor's Plat 67 in said Providence.